IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| KEITH RUSSELL JUDD,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>FEDERAL CORRECTIONAL INSTITUTE AT FORT DIX NEW JERSEY,<br><br>　　　　　Defendants. | HON. JEROME B. SIMANDLE<br><br>Civil No. 02-5305 (JBS)<br><br>**MEMORANDUM OPINION** |

**SIMANDLE**, Chief Judge:

　　　This matter is before the court on pro se Plaintiff Keith Russell Judd's motion to reopen his case. [Docket Item 38.] Plaintiff requests leave of the Court to file the instant motion and asks the court to reopen his case pursuant to Fed. R. Civ. P. 60(a) and 60(b) and set aside the dismissal order filed November 4, 2002.  For the reasons stated below, the Court will grant Plaintiff leave to file the instant motion; however, the Court will deny Plaintiff's motion to reopen his case and set aside the 2002 dismissal order as the requirements of Rule 60 have not been satisfied.  THE COURT FINDS AS FOLLOWS:

　　　1. In this action, Plaintiff brings a claim against Defendant FCI - Fort Dix alleging that he was refused medical treatment after he developed an inguinal hernia.  Plaintiff filed his complaint with an application to proceed in forma pauperis on November 4, 2002.  The court denied Plaintiff leave to proceed in

forma pauperis due to the court's previous application of the "three strikes" rule against the Plaintiff.  See Judd v. Furgeson, 239 F. Supp. 2d 442, 443 (D.N.J. 2002)("Plaintiff Keith Russell Judd . . . is a federal prisoner . . . [and] had at least three prior civil actions dismissed as frivolous or for failure to state a claim, and Judd therefore could not be granted in forma pauperis status pursuant to 28 U.S.C. § 1915(g)."). Therefore, the court directed the Plaintiff to pay the filing fee within thirty days or his complaint would be deemed withdrawn. [Docket Item 2.]

    2.  The Plaintiff then appealed this court's denial of his application to proceed in forma pauperis.  The Plaintiff's appeal was dismissed by the Third Circuit for failure to timely prosecute the matter in 2003.  [Docket Item 16.]

    3.  Four years later, in 2007, the Plaintiff made his first payment toward his filing fee, submitting a partial prisoner payment of $150.00.  [Docket Item 17.]  In 2002, when the court initially denied the Plaintiff's application to proceed in forma pauperis, the court's filing fee was set at $150.  In December 2004, 28 U.S.C. § 1914 was amended and the filing fee was raised to $250.  Plaintiff had paid no filing fee, in whole or in part, by that time.  The statute was amended again in February 2006 and the fee was raised to its current rate of $350 for any party instituting a civil action in the district court, with the

exception of an application for a writ of habeas corpus.  See 28 U.S.C. § 1914(a).  Therefore, at the time the Plaintiff began paying his filing fee to the court, the Plaintiff was required to pay $350 in order to file his complaint.  The Plaintiff made one more additional payment of $150 to the court in February 2008. [Docket Item 18.]  In total, the Plaintiff has paid $300 towards his $350 filing fee.  No statutory or equitable principle suggests that this Court must hold open the docket for years while an individual who is barred from filing in forma pauperis under the three-strikes provision of 28 U.S.C. § 1915(g) ponders whether to make payment of his filing fee.

    4.  During 2008 and 2009, the Plaintiff continued to file a series of appeals with the Third Circuit challenging the court's initial decision requiring the Plaintiff to pay the filing fee. [Docket Items 19, 21, 25, 28.]  The Third Circuit continued to dismiss Plaintiff's appeals for failure to prosecute.  [Docket Items 23 and 32.]

    5.  The Plaintiff then filed a motion in this court for leave to appeal in forma pauperis [Docket Item 31] and a motion for the refund of his $300 which was paid towards his filing fee [Docket Item 36].  The court denied both motions and the Plaintiff's case remains closed on the docket.  [Docket Items 33 and 37.]

    6.  Now the Plaintiff has filed the instant motion seeking

to reopen his case pursuant to Rule 60(a) and (b). [Docket Item 38.] The Plaintiff maintains that his filing fee has been paid twice and that he is in danger of imminent and serious physical injury if he does not receive medical treatment for his inguinal hernia. The Plaintiff relies on the Supreme Court's decision in Erickson v. Pardus, 551 U.S. 89 (2007) and argues that his complaint for denial of medical treatment is sufficient to proceed on the merits. The Plaintiff also relies on Haines v. Kerner, 404 U.S. 519 (1972) for the proposition that a pro se prisoner complaint should be liberally construed.

    7.  Fed. R. Civ. P. 60 provides:

Relief from a Judgment or Order

(a) Corrections Based on Clerical Mistakes; Oversights and Omissions. The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice. But after an appeal has been docketed in the appellate court and while it is pending, such a mistake may be corrected only with the appellate court's leave.

(b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
    (1) mistake, inadvertence, surprise, or excusable neglect;
    (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
    (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
    (4) the judgment is void;
    (5) the judgment has been satisfied, released, or

      discharged; it is based on an earlier judgment that has
      been reversed or vacated; or applying it prospectively is
      no longer equitable; or
         (6) any other reason that justifies relief.

    (c) Timing and Effect of the Motion.
        (1) Timing. A motion under Rule 60(b) must be made
    within a reasonable time--and for reasons (1), (2), and
    (3) no more than a year after the entry of the judgment
    or order or the date of the proceeding.

    8. In this case, the Plaintiff does not allege that there was a clerical mistake or error in the order of the court requiring the Plaintiff to pay the filing fee within thirty days and that failure to pay the filing fee would result in his complaint being withdrawn. Consequently, Rule 60(a) is inapplicable.

    9. With regard to Rule 60(b)(1),(2) and (3), the Plaintiff has filed this motion well outside the one year limitations period and the Plaintiff has presented no proof of mistake, inexcusable neglect, newly discovered evidence or fraud which would permit the court to reopen the case. Therefore, Rule 60(b)(1),(2) and (3) do not apply.

    10. The Plaintiff has presented no evidence that the court's judgment is void and therefore the Plaintiff cannot meet the requirements of Rule 60(b)(4).

    11. In regards to Rule 60(b)(5), the Plaintiff argues that he has paid the filing fee and consequently satisfied the order of the court and accordingly, his case should be heard. This argument is unpersuasive for several reasons. First, Plaintiff

made no payments toward his filing fee within the 30-day window established by the Order of November 13, 2002, above. [Docket Item 2.] Second, at the time the Plaintiff began making payments to the court, the fee was $350 to file a complaint. The Plaintiff has only paid $300 towards this fee, and therefore, has not paid the total sum required to file his complaint.

12. As noted, the 2002 Order of the court required the Plaintiff to pay the filing fee within thirty days. [Docket Item 2.] Construing this requirement liberally in favor of the Plaintiff, the thirty day time period began when the Plaintiff's appeal of this court's order was denied by the Third Circuit on March 27, 2003. [Docket Item 16.] The Plaintiff did not make his first partial payment towards his filing fee until over four years later on November 7, 2007. [Docket Item 17.] This is clearly outside the court's thirty day limitations period and cannot be considered reasonable or diligent. Therefore, Plaintiff's argument that he has satisfied the order of the court is without merit and Rule 60(b)(5) is inapplicable.

13. Finally, Plaintiff argues the Supreme Court's decision in Erickson, supra, warrants reinstatement of the Plaintiff's case under Rule 60(b)(6). The Erickson case, however, did not address the application of the three strikes rule which is the main issue in this case. The Erickson case also did not provide a new legal basis for considering pro se pleadings. Rather, the

6

Erickson case reinforced the time-honored ruling in Haines, supra, that when evaluating the merits of a pro se prisoner's complaint, the court should construe the complaint liberally. This is not at issue in this case as the court has not reached the merits of Plaintiff's complaint because he has not paid the required filing fee. Therefore, since there has been no intervening change in the law with regard to the three strikes rule, and the Plaintiff's appeal of the application of the three strikes rule in this case was unsuccessful, Rule 60(b)(6) does not apply and Plaintiff's case will not be reopened.

14. Accordingly, for the reasons stated above, Plaintiff's motion to reopen his case will be denied. The accompanying Order will be entered.

15. If, as Plaintiff now suggests, his medical condition has become serious and a prison official is deliberately indifferent to his specific medical need, Plaintiff is free to file a new Complaint in the District where he is confined presenting his current allegations accompanied by his filing fee or an application to proceed in forma pauperis on grounds of being "under imminent danger of serious physical injury" within the meaning of 28 U.S.C. § 1915(g). Any claim of "imminent danger of serious physical injury" must be supported by evidence that this is so.

| | |
|---|---|
| **July 25, 2012** | s/ Jerome B. Simandle |
| Date | JEROME B. SIMANDLE |
| | Chief U.S. District Judge |